UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYED SAEID ZAMANIEH SHAHRI,<br><br>Plaintiff,<br><br>v.<br><br>USCIS SACRAMENTO FIELD OFFICE U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | No.  2:21-cv-1571 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Seyed Saeid Zamanieh Shahri is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the Court are defendant's motion to remand to the United States Citizenship and Immigration Services ("USCIS") for adjudication, as well as plaintiff's motion for entry of judgment.  For the reasons explained below the undersigned recommends that defendant's motion to remand be granted and plaintiff's motion for entry of judgment be denied.

## BACKGROUND

Plaintiff Seyed Saeid Zamanieh Shahri commenced this action on September 1, 2021, by filing a complaint and paying the required filing fee.  (ECF No. 1.)  The complaint asks that the court issue an "Order Granting U.S. Citizenship" to plaintiff. (Compl. (ECF No. 1) at 10.[1])

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF

1

1 According to the complaint plaintiff "applied for Naturalization (Citizenship) since January
2 2019," but has not yet received a final determination of that application. (Id. at 11.) On October
3 29, 2021, defendant USCIS filed a motion to remand this action to USCIS for consideration of the
4 application. (ECF No. 7.) Plaintiff filed an opposition on November 2, 2021. (ECF No. 9.)
5 Defendant filed a reply on November 18, 2021. (ECF No. 15.) On November 29, 2021, plaintiff
6 filed a "Motion for Judgment." (ECF No. 21.)

**ANALYSIS**

**I.    Defendant's Motion to Remand**

When an applicant submits an application for naturalization and the USCIS fails to make a determination on that application "before the end of the 120–day period after the date on which the examination is conducted under [8 U.S.C. § 1446], the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). The district court then "has [exclusive] jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Id.; U.S. v. Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004).

Generally, the court should "remand a case to an agency for decision of a matter that statutes place primarily in agency hands." I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002). "[J]udicial deference to the Executive Branch is especially appropriate in the immigration context[.]" I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999). "[T]he executive branch is in a better position than [the] court to oversee [an applicant's] background investigation, to compile an administrative record, and to consistently apply the immigration laws." Penalosa v. U.S. Citizenship and Immigration Services, No. 07cv0808 JM(AJB), 2007 WL 2462118, at *2 (S.D. Cal. Aug. 28, 2007).

"Here, like the majority of courts that have remanded naturalization applications to USCIS, the [undersigned] finds the executive branch is in a better position than this Court to decide Plaintiff's naturalization Application." Singh v. Crawford, No. 1:13-cv-1894 SKO, 2014 WL 1116989, at *3 (E.D. Cal. Mar. 19, 2014); see also Gill v. Crawford, No. 1:15-cv-1633 MCE

---

system and not to page numbers assigned by the parties.

1    MJS, 2016 WL 880952, at *1 (E.D. Cal. Mar. 8, 2016) ("The vast majority of district courts
2    remand lawsuits filed under § 1447(b) for USCIS to decide in the first instance whether to grant
3    or deny an application for naturalization.").

4    Plaintiff opposes remand based, in part, on the delay caused by USCIS. (Pl.'s Opp.'n
5    (ECF No. 10) at 2.) "Courts that have declined to remand to USCIS consider the length of delay
6    since 8 U.S.C. § 1447(b) was enacted with the aim of avoiding long delays." Yith v. Nielsen, 343
7    F.Supp.3d 938, 949 (E.D. Cal. 2018). Plaintiff's concern about further delay is not without merit.
8    Defendant, however, has assured "the Court that adjudication will be completed within 120 days
9    from the date of an order of remand." (Def.'s Mot. Remand (ECF No. 8) at 2.)

10   While the undersigned shares plaintiff's concern about reaching a timely resolution, "all
11   parties and the court will benefit from the agency bringing its expertise to bear on this matter,
12   and, by requiring action within a short period of time the Court can prevent further delay." Singh
13   v. Crawford, No. 1:13-cv-1895 MJS, 2014 WL 12778556, at *1 (E.D. Cal. Mar. 7, 2014); see also
14   Rashid v. Department of Homeland Security, No. 2:14-cv-2109 JAM KJN, 2017 WL 1398847, at
15   *2 (E.D. Cal. Apr. 19, 2017) ("Although Plaintiff's application had been pending for nearly two
16   years when Plaintiff filed his complaint, remand is the appropriate course of action in this case.").

17   Plaintiff's opposition also express concerns about "a risk of retaliation," as a result of
18   plaintiff filing this action. (Pl.'s Opp.'n (ECF No. 10) at 4.) At this time, however, plaintiff's
19   concerns about retaliation are hypothetical. Moreover, as defendant points out, if upon remand
20   the application for naturalization is denied, plaintiff would be entitled "to return to this Court
21   under 8 U.S.C. § 1421(c) for de novo review of that decision." (Def.'s Reply (ECF No. 16) at 3.)

22   Accordingly, for the reasons stated above, the undersigned finds that defendant's motion
23   to remand should be granted.

24   **III.    Plaintiff's Motion for Judgment**

25   Plaintiff's motion asks the Court "to accept . . . 'Motion for Entry of Judgment,'" and to
26   "not remand adjudication to Defendants[.]" (Pl.'s Mot. (ECF No. 21) at 1.) For the reasons
27   explained above, however, the undersigned has found that this matter should be remanded.
28   ////

3

Moreover, plaintiff's motion provides no authority from which the Court could enter judgment in plaintiff's favor.

Accordingly, the undersigned recommends that plaintiff's motion for entry of judgment be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to remand (ECF No. 7) be granted;

2. Defendant be instructed to reopen and complete adjudication within 120 days of an order adopting these findings and recommendation;

3. The parties be instructed to file a status report within 7 days of completion of the adjudication by USCIS; and

4. This action be stayed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 24, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/shahri1571.remand.f&rs

4